The opinion of the court was delivered by
Tilghman, C. J.
I refer to the case stated by the parties to this suit, on which the opinion of the Court of Common Pleas of Cumberland county was given. Catharine Bosler, and her. late husband Jacob Bosler deceased, entered into articles of agreement previous to their marriage, on the construction of which the pre- . sent suit depends. The question is, whether the personal property mentioned in the articles, which belonged to the plaintiff at the time of the marriage, was to be enjoyed by her immediately after her husband’s death, in case she survived him, or whether she was only to have the right to dispose of it by her will, but no enjoyment of it during her life. The agreement is very badly drawn. Almost every sentence is not only bad grammar, but obscure. On ■reading the first part, one would think, that the wife was intended to have no more than .the right of disposing of her personal estate by her will, but the latter part seems to show a different intention. The plaintiff had some real estate, which her intended husband was to enjoy during her life, and upon the whole, the understanding appears to have been, that he should have the use both of the plaintiff’s real, and personal estate, during their joint lives, and no longer; if she died first, it was to go to her devisees, if she made a will, otherwise to her heirs and personal representatives; but if *303 she survived her husband, she was to take it on his death. He binds himself in the penalty of £ 1200, to deliver both real and personal estate to the plaintiff, Or her heirs at the day of her death. That is, as I construe it, to herself in case she survived her husband, or to her heirs, on the day of her death, if she died before him. To deliver the property to her on the day of her death; would be of no service to her; and therefore, the delivery to her, and the delivery to. her heirs on the day of her death, referred to two different events. If she survived her husband, the delivery was to be to her, immediately on his death. But if she died before him, it was to her heirs on the day of her death.- After all, I will not say, that the meaning which I give to this instrument, is clearly expressed. But it is the best I can make of it, taking all its parts into consideration.. I am of opinion therefore, that the judgment of the Court of Common Pleas should be reversed, and judgment entered for the plaintiff in error.
Duncan, J. gave no opinion not having heard the argument.
Judgment reversed, and judgment entered for the plain-tiff in error.